NOT DESIGNATED FOR PUBLICATION

No. 121,533

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

R.C., and on Behalf of
A.H., a Minor Child,
*Appellees*,

v.

S.M.,
*Appellant*.


MEMORANDUM OPINION


Appeal from Douglas District Court; BRANDEN SMITH, judge pro tem. Opinion filed August 21,
2020. Reversed and remanded with directions.


*Rebekah A. Phelps-Davis*, of Phelps-Chartered, of Topeka, for appellant.


*Timothy G. Riling*, of Riling Law Office, LLC, of Lawrence, for appellee.


Before ATCHESON, P.J., BRUNS and POWELL, JJ.


PER CURIAM: S.M. appeals the district court's extension of a protection from
stalking order involving his minor son and his son's mother. At the hearing on the request
for extension, the district court denied S.M.'s request for a continuance until his attorney
could be present to represent him. However, his attorney had not yet entered an
appearance on his behalf and the district court denied S.M.'s request for a continuance. At
the conclusion of the hearing the district court extended the protection from stalking
order for a period of five years. Under the circumstances presented, we find that the
district court abused its discretion in denying S.M.'s request for a continuance.

1

FACTS

On March 21, 2018, R.C. filed a petition for protection from stalking order against S.M. In her petition, R.C. sought protection not only for herself but also for A.H., who is the parties' minor son. The district court issued a final protection from stalking order by default on June 1, 2018. The original protection from stalking order was to run for a period of one year.

Prior to the expiration of the original protection from stalking order, R.C. filed a motion to extend the order. In her motion, R.C. requested that the order be extended as to both her and A.H. for a period of two years or up to the lifetime of S.M. On May 15, 2019, S.M. filed a pro se motion to modify the original protection from stalking order, noting that the order was entered by default, and requesting that the order be dismissed. On the same day, he also filed a response to R.C.'s motion to extend the protection from stalking order.

On Friday, May 24, 2019, the district court held an evidentiary hearing on R.C.'s motion to extend the protection from stalking order. Evidently, the district court found S.M.'s motion to modify to be untimely. At the start of the hearing, S.M. requested a continuance. In so doing, S.M. represented to the district court that he had retained Rebekah A. Phelps earlier in the week to represent him. However, S.M. stated that Phelps was unavailable on the day of the extension hearing because she was in another trial.

The district court evidently checked the record and determined that Phelps had not filed an entry of appearance or a motion for continuance prior to the hearing. Likewise, R.C.'s counsel indicated that he had not been contacted by Phelps to determine whether his client had an objection to a continuance. After noting that S.M. had been served with a notice of hearing over a month earlier, the district court denied the request for

2

continuance. In doing so, the district court also noted that the original protection for stalking order was set to expire the following week.

Consequently, S.M. represented himself during the evidentiary hearing. At the conclusion of the hearing, the district court granted R.C.'s motion to extend the protection from stalking order—both as to her and to the parties' minor son—for a period of five years. Thereafter, Rebekah Phelps filed a timely notice of appeal on behalf of S.M.

ANALYSIS

On appeal, S.M. raises three issues. First, whether the district court erred in denying his request for a continuance to be able to be represented by legal counsel at the hearing on the motion to extend the protection from stalking order. Second, whether the district court erred in including the parties' minor child in the extended protection from stalking order. Third, whether the district court erred in granting the extension of the protection from stalking order for an additional five years.

K.S.A. 2019 Supp. 60-240(b) gives a district court authority to "continue an action at any stage of the proceedings on just terms." Generally, we review a district court's decision to grant or deny a continuance under an abuse discretion standard. See K.S.A. 2019 Supp. 60-240(c)(B)(3); *Miller v. Glacier Development Co.*, 284 Kan. 476, 494, 161 P.3d 730 (2007). A judicial action constitutes an abuse of discretion if it: (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *Biglow v. Eidenberg*, 308 Kan. 873, 893, 424 P.3d 515 (2018).

Although broad discretion is given to district courts in this regard so that they may manage their dockets, the Kansas Supreme Court has held that "[i]n ruling on a motion for continuance . . . a court must consider all circumstances, particularly such matters as the applicant's good faith, his showing of diligence, and the timetable of the lawsuit."

*Fouts v. Armstrong Commercial Laundry Distributing Co.*, 209 Kan. 59, 65, 495 P.2d 1390 (1972). Further, our Supreme Court explained, "[w]e view with grave concern the denial of a continuance where the effect for all practical purposes deprives a party of his day in court." 209 Kan. at 65; see *In re J.A.H.*, 285 Kan. 375, 385, 172 P.3d 1 (2007).

At the beginning of the evidentiary hearing, the following discussion was held on the record:

"THE COURT: [S.M.], are you prepared for hearing today?

"[S.M.]: Your Honor, Rebekah Phelps hasn't been able to enter her appearance because she's in trial right now currently, so I would like to possibly address the situation with the minor child and then set the actual motions to a hearing later on.

"THE COURT: Have you retained Ms. Phelps?

"[S.M.]: Yes, I have.

"THE COURT: You've signed a contract and paid her money?

"[S.M].: Yes, sir.

"THE COURT: And she said she—when did you do that?

"[S.M].: I did it on Monday, Your Honor.

"THE COURT: Okay. Mr. Riling, have you had any contact with Ms. Phelps?

"MR. RILING: I have not, Your Honor.

"THE COURT: Okay. Well, [S.M.], the fact that Ms. Phelps is in trial doesn't stop her from entering an appearance. Let me just check and make sure she hasn't done that.

"The Notice of Hearing was served on [S.M.] February—or excuse me, April 11th. It was over a month ago. And then I'm only showing two filings on May 15th, a response to the Motion to Extend and then a Motion to Modify.

"So, [S.M.], I'm not—you know, if you've paid Ms. Phelps money and signed a contract, she needs to enter her appearance.

"[S.M.]: Your Honor, I was never served with the hearing date whenever I was served. I actually have the serving papers right here in front of me.

"THE COURT: Well, you're here so . . .

"[S.M.]: Yeah.

"THE COURT: That covers that.

4

"I mean, I'm not inclined to grant the continuance, so we'll move forward with the hearing today—

"[S.M.]: Sure.

"THE COURT: —since this does expire June 1st."

Based on our review of the record on appeal, we are concerned that the district court did not attempt to apply the *Fouts* factors in this case. Instead, it appears from the record that the district court simply looked to see whether Phelps had filed an entry of appearance and/or a motion to continue the hearing. Finding that she had not filed any pleadings in the case, the district court required S.M. to proceed pro se. However, when S.M.'s request for a continuance is viewed in light of *Fouts*, we find that a continuance was warranted based on the unique circumstances presented in this case.

First, we find nothing in the record to suggest that S.M. was not acting in good faith in requesting a continuance. Although certainly such requests can be made in bad faith to simply delay a proceeding, the record in this case shows that S.M. requested a continuance at the beginning of the hearing and stated his reasons for doing so. Specifically, S.M. requested that the hearing be continued to allow his attorney to participate. Moreover, we note that the same attorney who S.M. claimed to have retained is representing him in this appeal. Considering the serious ramifications on S.M.'s parental rights should the protection from stalking order be extended as to his minor son, we find that S.M.'s request for a continuance to be reasonable and to have been made in good faith.

Second, although S.M.—who was acting pro se at the time—did not file a written motion for a continuance prior to the hearing, he asserted his request at the start of the hearing. Of course, it would have been better if his attorney had filed an entry of appearance and a motion to continue prior to the hearing. However, we do not find that her failure to do so constitutes a lack of diligence on S.M.'s part. Notably, R.C. does not contend that S.M. waited too long to ask for a continuance of the hearing. Further, we

5

find nothing in the record to suggest that S.M. was seeking to hinder the administration of justice. Consequently, we do not find a lack of diligence by S.M. in asking for a continuance.

Third, although the protection from stalking order was set to expire a week after the evidentiary hearing was scheduled, there were several options available to the district court rather than requiring S.M. to proceed pro se. In particular, the district court had the option to temporarily extend the protection from stalking order—if necessary—if the district court was unable to reschedule the hearing before the expiration of the original order. See K.S.A. 2019 Supp. 60-31a06(a)(6) (the district court has the authority to make "any other order deemed necessary by the court to carry out the provisions of this [protection from stalking] act"); K.S.A. 2019 Supp. 60-31a06(e) (protection from stalking order may be amended "at any time upon motion filed by either party"). Accordingly, the district court did not need to deny the request for a continuance in order to protect the rights of the parties.

As indicated above, *Fouts* requires that the district court consider all of the circumstances in determining whether to grant a continuance. See 209 Kan. at 65. Here, we find it to be significant that the requested extension of the stalking order not only involved R.C. but also the parties' minor son. The district court should have realized that an extension of the order as to the child—especially for a number of years—could have substantial ramifications on S.M.'s parental rights.

As the parties are aware, parental rights are protected by both the United States Constitution and the Kansas Constitution. See *Troxel v. Granville*, 530 U.S. 57, 65-66, 120 S. Ct. 2054, 147 L. Ed. 2d 49 (2000) (affirming that parents have a fundamental liberty interest in making decisions regarding the care, custody, and control of their children); *In re Adoption of G.L.V.*, 286 Kan. 1034, 1058, 190 P.3d 245 (2008) (holding

6

that parents' rights to raise their children are also protected by the Kansas State Constitution). As such, it is imperative that parental rights not be interfered with lightly.

The significance of R.C.'s request for a lengthy extension of the protection from stalking order as to S.M.'s parental rights is highlighted by the district court's decision to extend the protection from stalking order for an additional five years. This means that the protection from stalking order will not expire until June 1, 2024. Considering that the child was born in 2014, extending the order until 2024 would mean that the child would be prohibited from having contact with his father for more than half of his life.

In light of the significance of the parental rights issues involved, we find that the district court's decision to deny S.M.'s request for a continuance so that he could be represented by legal counsel was unreasonable. See *Biglow*, 308 Kan. at 893. As such, it is unnecessary for us to address the other issues presented on appeal. Likewise, we take no position on what the outcome of the motion to extend the protection from stalking order should ultimately be.

We reverse the order extending the protection from stalking order entered on May 24, 2019, and remand this matter to the district court for further proceedings consistent with this opinion. Furthermore, we reinstate the original order entered on June 1, 2018, and temporarily extend it until such time as the district court hears and decides R.C.'s request for an extension.

Reversed and remanded for further proceedings.